## BROWN v. UNITED STATES.
### No. 6506.

United States Court of Appeals
Fourth Circuit.

Submitted on briefs Nov. 10, 1952.

Decided Nov. 12, 1952.

---

Arnold Thomas Kyle, in pro. per.

No other appearances were entered.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

---

Monroe Brown, pro se.

Ben Scott Whaley, U. S. Atty., and Louis M. Shimel, Asst. U. S. Atty., Charleston, S. C., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

Appellant, who is imprisoned in the State of New York, as a third offender, made a motion in the court below to set aside the judgment and sentence imposed upon him by that court in the year 1945. From denial of the motion he appeals to this court. It appears that appellant was indicted in the court below for violating the provisions of section 73 of Title 18 of the United States Code, now section 495. Counsel was ap-

pointed to represent him by the court and he pleaded guilty to the indictment. He was sentenced to pay a fine and to imprisonment for a term of ten months. He has long since served the term of imprisonment; but he wishes to have the judgment and sentence of the court set aside because of its effect on his punishment in New York. We have carefully examined the record in the case and find no ground upon which his motion could possibly be sustained. We agree with what was said by the court below in denying his motion, which is as follows:

"The above named defendant was indicted in this District charged with falsely making, altering, forging and counterfeiting and causing to be falsely made, altered, forged and counterfeited, and willingly aiding and assisting in falsely making, altering, forging and counterfeiting, a writing for the purpose of obtaining and receiving from the United States the sum of Seventy-Nine and 24/100 ($79.24) Dollars. He entered a guilty plea on January 15, 1945, and was sentenced by Honorable J. Waties Waring, United States District Judge, since retired, to pay a fine of One Hundred ($100.00) Dollars and to be imprisoned for a term of ten (10) months, which sentence has long since been served by the defendant.

"The defendant has now filed a motion to vacate and set aside 'this conviction or reduce it down to some other lower charge'. The defendant states in his petition that the writing involved was signed by McKinley Abner and H. D. Renken, and that he should have been indicted for assisting them and not for forging the writing.

"However, the indictment in this case not only charges the defendant with forging the writing, but also with wilfully aiding and assisting in forging the same. The defendent pleaded guilty to this indictment charging inter alia that he assisted in doing so.

"The files and records of this case conclusively show that the defendant is not entitled to any relief."

The order denying the motion will be affirmed.

Affirmed.